[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated May 28, 1996, the plaintiff, Jackie Boudreau is seeking, inter alia, a dissolution of her marriage to the defendant, Rejean Boudreau. The defendant has filed his answer and counterclaim.
After a full trial, all parties present and represented by counsel, the court, based on a preponderance of the credible, relevant, reliable and legally admissible evidence, finds, rules, determines and fashions its awards as follows.
The plaintiff, whose birth name was Jackie Bialicki, and the defendant were intermarried at New Haven, Connecticut on November 21, 1987.
The plaintiff for more than the last year has resided continuously in the State of Connecticut.
The plaintiff and the defendant have two minor children, issue of the marriage, namely; Jessica, born November 1, 1990 and Nicole, December 14, 1995.
No other children have been born to the plaintiff since the date of the marriage.
The plaintiff has been the recipient of Title XIX medical benefits on behalf of the two minor children.
The marriage of the parties has broken down irretrievably.
The relationship of the parties, over the years of marriage, has disintegrated to the point that the plaintiff and defendant are CT Page 5373 in a constant state of argument and hostility towards each other. The defendant has had affairs with other women before the separation of the parties and is currently living with another woman.
Both parties bear responsibility for the breakdown of the marriage but the court finds the defendant to be more at fault than the plaintiff.
In accordance with the mandates enunciated in Gen. Stat. Sec.46b-82 and 46b-84, the court rules and orders as follows:
Joint custody of the minor children is awarded to the parties with primary residence with the plaintiff, mother, with visitation in the defendant, father as follows:
 1. 1st week — Wednesday 5 p. m. overnight to Thursday a.m. Mother will pick up children no later than 6:30 a.m.
 2nd week — Wednesday p. m. overnight to Thursday a.m. Mother will pick up children no later than 6:30 a.m. Saturday 5:00 p. m. to Monday 7:30 a.m. Father will deliver children.
 3rd week — Wednesday (as indicated above). Friday 5:00 p. m. (or earlier if mutually agreed upon) to Monday 7:30 a.m. Father will deliver the children.
 4th week — Wednesday (as indicated above). Saturday 5:00 p. m. to Monday 7:30 a.m. Father will deliver children.
2. Each parent will be entitled to two nonconsecutive weeks of vacation with the children per year.
a. Nicole included when she turns two years old.
b. The parents will provide one another with thirty days notice.
c. Until Nicole reaches the age of five she shall have access with her mother at least once during any five day period.
3. Thanksgiving Day will be alternated yearly. The children will be with their father in 1997. CT Page 5374
4. The Christmas Holiday will be split and alternated yearly 1997 Christmas Eve overnight to Christmas Day at 11:30 a.m. with mother. Christmas Day 11:30 a.m. on, with mother.
5. Mother's Day and Father's Day will be spent with the respective parent.
6. The New Year's Holiday will be split and alternated yearly 1997 New Year's Eve with father. New Year's Day with mother. The return time on New Year's Day will be 11:30 a.m.
7. The Easter Holiday will be split and alternated yearly. 1997 the children will wake up with their mother Easter morning. The father will pick up the children at 11:30 a.m. and remain with him overnight. In 1998, the above arrangement will be alternated.
8. The Fourth of July will be alternated including an overnight. 1997 the children will be with their father.
9. If/When there is a Wednesday school holiday and the father is not working he will notify the mother and the children will be picked up in the a.m.
10. Halloween will be alternated yearly. 1997 with the father.
11. Both parties agree to give 90 days notice of any intent to permanently relocate more than a twenty minute drive from the Westbrook School system.
12. The defendant may have telephone contact on Tuesday and Thursday evenings between 6:30 p. m. and 7:30 p. m., which calls shall be of reasonable duration based on the ages of the children.
13. Pick up and drop off of the children shall be accomplished by the parties and not third parties unless there is mutual agreement otherwise.
14. The parties agree that until each child is six years old, they will not allow them as passengers or operators of motorcycles or motor scooters on any public road, and shall not allow them as passengers or operators on snowmobiles except in conjunction with sledding activities and only as transportation up sledding hills.
The court expressly finds that the defendant has an earning CT Page 5375 capacity of approximately $600.00 per week and is ordered to pay to the plaintiff as child support the sum of $150.00 per week.
The court finds the defendant to be in arrears in child support in the amount of $770.00 which he shall pay in addition to child support, the sum of $10.00 per week until the arrears is paid in full. An immediate wage execution for child support is ordered.
The defendant shall pay to the plaintiff the sum of $1.00 per year as alimony.
The defendant shall keep as his own, the Fiat Automobile free and clear of any claims of the plaintiff.
The defendant shall turn over to the plaintiff the moped, microwave oven, bedroom furniture, childrens' clothes and toys, crystal glass set, dishes, pot and pans and any other personal property of the plaintiff's in his possession.
The defendant shall pay to the plaintiff's counsel the sum of $1,000 towards the plaintiff's counsel fees. Payment shall be made within 120 days.
The defendant shall maintain health insurance for the benefit of the children. Each party shall be responsible for one-half of unreimbursed medical expenses.
The defendant shall claim both children as dependents for tax purposes until the plaintiff becomes employed. At that time each of the parties may claim one child as a dependent.
The plaintiff shall be responsible to repay any governmental agency seeking reimbursement for any assistance given the plaintiff or children.
The defendant shall be responsible and shall hold harmless the plaintiff for any liability as a result of the foreclosure of the marital condominium.
Each party shall be responsible for the debts indicated on their respective financial affidavits.
The plaintiff shall be the sole owner and have possession of the 1987 T-Bird Automobile. CT Page 5376
The parties shall execute any and all documents necessary to complete the orders of the court.
A decree may enter dissolving the marriage and incorporating therein the aforesaid findings, orders and awards of the court.
SPALLONE TRIAL JUDGE REFEREE